UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEZLIE J. GUNN, | Case No. 2:19-CV-2102 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTINE E. DRAGE, | |
| Defendant(s). | |

Presently before the court is plaintiff Lezlie Gunn's motion for new trial or reconsideration. (ECF No. 73). Defendant Christine Drage responded, (ECF No. 84), to which plaintiff replied, (ECF No. 85).

Also before the court is plaintiff's motion to extend time to file a notice of appeal. (ECF No. 83). Defendant responded, (ECF No. 91), to which plaintiff replied, (ECF No. 94).

Also before the court is plaintiff's motion to withdraw. (ECF No. 86). Defendant responded, (ECF No. 95), to which plaintiff replied, (ECF No. 96).

Also before the court is defendant's motion for leave to supplement motions for attorney's fees. (ECF No. 99). Plaintiff responded, (ECF No. 101), to which defendant replied, (ECF No. 102).

**I.    Background**

Plaintiff first brought this case in the Orange County Superior Court in California, alleging two claims against defendant: 1) intentional interference with contract, and 2) civil conspiracy. (ECF No. 1). On October 22, 2019, this case was removed to the Central District of California, (*id.*), and on December 6, 2019, the parties stipulated to transfer this case to the District of Nevada. (ECF Nos. 15, 16).

**James C. Mahan**
**U.S. District Judge**

This court has since dismissed plaintiff's claims. (ECF No. 57). The facts of this case are presented in this court's prior order, (*id.*):

> The present case concerns Drage's alleged interference with a release and settlement agreement ("RSA") between Lezlie Gunn and non-party Dr. Hans Peter Wild ("Wild"). Drage is an attorney who has served as legal counsel for Wild personally, for Wild's companies, and for Gunn personally. (ECF No. 1 at 11). In 2011, Drage specifically represented Wild Affiliated Holdings, Inc., a Nevada corporation owned by Wild. (ECF No. 28 at 4).
>
> Gunn and Wild "maintained a close personal and professional relationship" for thirty years, during which time Gunn served as Wild's informal chief business advisor. (ECF No. 1 at 11). In late 2015, Gunn and Wild ended their personal and professional relationship and entered into the RSA. *Id.* The RSA required Wild to make payments to Gunn for a variety of expenses and required Gunn to release Wild from any present or future legal action between Gunn and Wild or his estate. *Id.*
>
> According to Gunn, Wild partially performed his obligations but has also breached many financial promises included in the RSA. *Id.* at 12. Gunn alleges that in late 2017, Drage learned of the RSA as she developed a personal relationship with Wild. *Id.* Gun[n] further alleges that Drage persuaded Wild to breach the RSA for her own financial gain. *Id.*
>
> [. . .]
>
> Gunn now alleges that Drage used her personal relationship with Wild to intentionally interfere with the RSA. (ECF No. 1 at 13). Gunn further alleges that between one and ten unknown individuals engaged in a civil conspiracy with Drage to intentionally interfere with the RSA. *Id.* at 14. Drage responds by claiming this suit is a strategic lawsuit against public participation, and files a special anti-SLAPP motion to strike each claim against her. (ECF No. 28).

(ECF No. 57).

On April 10, 2020, this court dismissed both of plaintiff's claims with prejudice. (*Id.*). The court also found that "all communications between Drage and Wild were protected [and thus sticken,] because Wild retained Drage as legal counsel on October 15, 2016." (*Id.*). On May 26, 2020, plaintiff filed a notice of appeal, (ECF No. 74).

On May 8, 2020, plaintiff filed a defective motion for "new trial" and/or reconsideration, (ECF No. 65), which plaintiff thereafter withdrew, (ECF No. 72). On May 26, 2020, plaintiff filed a revised motion for new trial and/or reconsideration, (ECF No. 73), which "added no new

James C. Mahan
U.S. District Judge

- 2 -

arguments or evidence;" but was merely intended to cure the prior motion's defect. (ECF No. 86). Naturally, even by their own admission, plaintiff's counsels realized that this attempt to fix their mistake led to another mistake. In June 2020, plaintiff filed a motion to extend time to file notice of appeal, (ECF No. 83), and motion to withdraw her withdrawal because she "did not and does not intend to remove jurisdiction from the Court," (ECF No. 86).

This court now rules on this litany of requests.

*II.* **Legal Standard**

Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). Motions to reconsider are generally left to the discretion of the trial court. *See Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001). Any motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

Reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst,* 260 F.3d at 1044 (quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999)). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in the earlier litigation." *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 887, 890 (9th Cir. 2000)).

**III.   Discussion**

Plaintiff's motions to extend time to file notice of appeal, (ECF No. 83), withdraw withdrawal of her first motion for new trial, (ECF No. 86), and for new trial, (ECF No. 73), rely on an assessment of two distinct mistakes by plaintiff's counsel: 1) plaintiff omitted the requisite "notice" in her first motion for new trial, (ECF No. 65), and 2) plaintiff withdrew her first motion for new trial in the process of remedying that defect, (ECF No. 72). Indeed, plaintiff's counsel has invited the possibility for an adverse ruling on the timeliness of her notice of appeal, (ECF No. 74).

James C. Mahan
U.S. District Judge

1    In order to timely appeal from this court's complete dismissal of plaintiff's action on April 10, 2020, (ECF No. 57), plaintiff must have filed her notice of appeal prior to May 11, 2020, or filed a proper tolling motion no later than May 8, 2020.  Plaintiff filed her notice of appeal on May 28, 2020, (ECF No. 74), and on May 8, 2020, she filed her first motion for retrial—a tolling motion.  (ECF No. 65).  However, she has since withdrawn that motion.  (ECF No. 72).  The parties dispute the impact of this withdrawal on the timeliness of plaintiff's notice of appeal.

This court joins the many courts that have found that the "[w]ithdrawal of a motion has a practical effect as if the party had never brought the motion."  *Jimenez v. Thor Motor Coach, Inc.*, No. 1:16-CV-01927-DAD-JLT, 2017 WL 3085015, at *1 (E.D. Cal. Apr. 12, 2017); *see also Donohue v. CBS Corp.*, No. 17-CV-7232, 2018 WL 1679315, at *1 (S.D.N.Y. Apr. 6, 2018) ("While the case law in this Circuit regarding the effect of withdrawing a motion is sparse, a sampling of cases from other districts reveals a general consensus that the practical effect of withdrawing a motion is as if the movant had never made the motion."); *Davis v. United States*, No. CV-07-0481-VAP-OPX, 2010 WL 334502, at *2 (C.D. Cal. Jan. 28, 2010); ("The effect of withdrawal of a motion is to leave the record as it stood prior to the filing, that is, as though the motion had never been made."); 56 Am. Jur. 2d Motions, Rules, and Orders § 31 (same).  Thus, as it stands, plaintiff's notice of appeal is untimely.  (ECF No. 74).

Accordingly, plaintiff's motion to withdraw withdrawal is pivotal to rendering her notice of appeal timely—yet, plaintiff's motion fails to contain supporting authority and is simply an explanation of plaintiff's misunderstanding of the impact of her withdrawal.  (ECF No. 86).  Defendant persuasively opposes this motion.  (ECF No. 95).  In many analogous situations, a party has no unilateral right to suddenly negate the adverse legal effect of a document she has filed in court.  *See, e.g.*, *Newirth v. Aegis Senior Communities, LLC*, 931 F.3d 935, 942 (9th Cir. 2019) (finding that the withdrawal of an earlier motion to arbitrate served as a waiver of the right to arbitrate); *McBride v. Shinn*, 2019 WL 3285705, at *4 (E.D. Cal., 2019), *report and recommendation adopted*, 2019 WL 5714507 (E.D. Cal., 2019) (finding that a petitioner may "at his option" voluntarily withdraw petition without prejudice to refiling claims, but dismissal and

James C. Mahan
U.S. District Judge

- 4 -

refiling may subject him to a possible statute of limitations bar); *In re Grant*, 507 B.R. 306, 310 (Bankr. E.D. Cal. 2014) (finding that a creditor's subsequent "withdrawal" of bankruptcy claim did not negate its adverse legal effect of creating an adversity to the estate).  In her reply, plaintiff accuses defendant of "gotcha" litigation and a plea to this court that "failure to attach a proper notice to her original Rule 59 motion should not doom" plaintiff's motions.  (ECF No. 96).  However, this court reiterates that it was not defendant's initial failure to attach proper notice that "doom[ed]" her motions—it was her withdrawal.  (ECF No. 96).  It is one thing for plaintiff to file her second motion for new trial, but it is another to also withdraw her first motion, a motion that is clearly central to the timeliness of her appeal.  As this court will later discuss, this appears to have resulted from plaintiff's miscomprehension of the rules of procedure.

This court will not permit a do-over of a do-over.  *See United States ex rel. Haight v. Catholic Healthcare West*, 602 F.3d 949, 954-956 (9th Cir. 2010) ("The requirement of a timely notice of appeal is jurisdictional, as is the requirement that a would-be appellant file a timely motion for an extension of time before such an extension may be granted.").  Even if such relief is permissible, this court exercises its discretion to deny plaintiff's motion to withdraw.  (ECF No. 86).  Plaintiff's motion lacks good cause in the face of defendant's well-articulated opposition.  (*Id.*).

This court now examines plaintiff's instant motion for new trial and/or reconsideration under Federal Rule of Civil Procedure 59.  (ECF No. 73).  As an initial matter, this court construes this as a motion for reconsideration under the proper rule, Fed. R. Civ. P. 59(e).  Plainly, no trial was held in this matter.  However, a consequence of plaintiff's withdrawal of her first motion for reconsideration, (ECF No. 72)—and the denial of plaintiff's attempt to withdraw withdrawal—is that the instant motion is rendered untimely.  This court is powerless to otherwise expand plaintiff's deadline to file a motion to reconsider this court's dismissal. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *see Harman v. Harper*, 7 F.3d 1455 (9th Cir. 1993).

**James C. Mahan**
**U.S. District Judge**

1    The judgment that defendant seeks to reconsider was filed April 10, 2020. (ECF No. 57); *see* Fed. R. Civ. P. 54 (The term "judgment" is defined as including "any order from which an appeal lies."). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. Thus, this time ran from this court's appealable April 10 order, not its May 1 "administrative" entry of judgment. *Hajro v. United States Citizenship & Immigration Services*, 811 F3d 1086, 1097 (9th Cir. 2016); *see also Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 467 (9th Cir. 1989). Thus, this court denies plaintiff's motion as time-barred without reaching its merits. (ECF No. 73).

Finally, this court examines plaintiff's motion to extend time to file notice of appeal. (ECF No. 83). As this court has already found, plaintiff's appeal is otherwise untimely unless this motion is granted. Plaintiff's withdrawal of her first motion for reconsideration rendered the motion as if it was never filed.

Under Federal Rule of Appellate Procedure 4, this court may "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) . . . that party shows excusable neglect or good cause." Fed. R. App. Proc. 4(a)(5)(A). Plaintiff argues that her counsel's neglect was excusable and that she had good cause for extension. She cites *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380 (1993), which offers several considerations for determining "excusable neglect": this court should examine "all relevant circumstances supporting the party's omission," and in particular must focus on (1) the prejudice to the opposing party; (2) length of delay and potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether movant acted in good faith. *Id.*

However, *Pioneer* recognizes that "inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392 (emphasis added). Plaintiff argues that "the excusable neglect here is not based on a misunderstanding of the rules of procedure, but instead inadvertence." (ECF No. 94). Based on the hectic motions practice that accompanied the notice of appeal, this court cannot help but find that plaintiff's "inadvertence" stemmed from a "misunderstanding of the rules." (*Id.*).

**James C. Mahan**
**U.S. District Judge**

- 6 -

1       Plaintiff offers a frankly valid excuse for the defective first motion for reconsideration: due to the "as a result of the Covid-19 pandemic . . . the final version of the motion was not reviewed in printed form prior to filing by any other attorney or support staff in the office prior to filing, which is not the usual course of business." (*Id.*). However, this relates only to plaintiff's failure to include a notice with her initial motion. That is not the crux of the present ruling. Plaintiff's withdrawal of her first motion is the relevant neglect. This oversight has no explanation. The rules and deadlines are unambiguous, yet plaintiff proceeded in a contrary manner.

      This court denies plaintiff's motion. (ECF No. 83). *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004) (en banc), grants this court the discretion to make such a determination. Even considering *Pioneer*, the factor of "reason for delay" militates strongly against defendant. *Id.* Unlike in *Pincay*, the issue in this case was not a mere calendaring or administrative issue. *Id.* Plaintiff's counsels withdrew their initial motion for reconsideration, even after the sobering discovery of their initial mistake. (ECF No. 72). This court finds that neglect inexcusable even upon consideration of *Pioneer*'s equitable factors.

      In light of the foregoing, this court finds particular reason to grant defendant's motion for leave to supplement her motions for reasonable attorney fees and non-taxable costs and to exceed the page limits of LR 7-3. (ECF No. 99). Defendant's motion to supplement is no longer premature, if it ever was. (ECF No. 101). Good cause exists to permit defendant's supplementation of her pending motions for attorney's fees, and plaintiff's response is unpersuasive. (*Id.*). For example, attorney's fees for the instant motions were incurred in the trial court, and thus do not rely on any outcomes on appeal. (*Id.*). Much of plaintiff's argument relates to the merits of the amount of the fees and is thus better suited for her direct response to plaintiff's supplement. (*Id.*).

      Accordingly, this court orders the following briefing: plaintiff shall have 21 days to respond to defendant's supplement to her motions for attorney's fees. Defendant shall thereafter have 7 days to reply.

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Lezlie Gunn's motion for new trial or reconsideration (ECF No. 73) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Gunn's motion to extend time to file a notice of appeal (ECF No. 83) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Gunn's motion to withdraw (ECF No. 86) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant Drage's motion for leave to supplement motions for attorney's fees (ECF No. 99) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff shall have twenty-one (21) days to respond to defendant's supplement to her motions for attorney's fees.  Defendant shall thereafter have seven (7) days to reply.

DATED December 23, 2020.

_____
UNITED STATES DISTRICT JUDGE