UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEZLIE J. GUNN,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>CHRISTINE E. DRAGE,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:19-CV-2102 JCM (EJY)<br><br>ORDER |

Presently before the court is defendant Christine Drage's first motion for attorney fees and non-taxable costs. (ECF No. 59). Plaintiff Lezlie Gunn responded, (ECF No. 64), to which defendant replied, (ECF No. 68).

Also before the court is before the court is defendant's renewed motion for attorney fees and non-taxable costs. (ECF No. 69). Plaintiff responded, (ECF No. 78), to which plaintiff replied, (ECF No. 81).

Defendant has supplemented her motions for attorney fees with leave from this court. (ECF Nos. 99, 103). Plaintiff responded to the supplement, (ECF No. 106), to which defendant replied, (ECF No. 107).

Also before the court is plaintiff's motion for re-taxation of costs. (ECF No. 93). Defendant responded, (ECF No. 98), to which plaintiff replied, (ECF No. 100).

**I.     Background**

Plaintiff first brought this case in California state court, alleging two claims against defendant: 1) intentional interference with contract, and 2) civil conspiracy. (ECF No. 1). On October 22, 2019, this case was removed to the Central District of California, (*id.*), and on

**James C. Mahan**
**U.S. District Judge**

December 6, 2019, the parties stipulated to transfer this case to the District of Nevada. (ECF Nos. 15, 16).

On April 10, 2020, this court dismissed plaintiff's claims with prejudice as violations of the California anti-SLAPP statute. (ECF No. 57). The court also found that "all communications between Drage and Wild were protected [and thus stricken,] because Wild retained Drage as legal counsel on October 15, 2016." (*Id.*).

Defendant now moves for attorney's fees, (ECF Nos. 59, 69), and this court has permitted the parties to supplement their briefing to reflect the extensive post-judgment motions practice in this matter, (ECF No. 103). Plaintiff also moves for the re-taxation of costs. (ECF No. 93).

## II.   **Legal Standard**

### A.   *Retaxation of Costs*

Federal Rule of Civil Procedure 54(d)(1) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The billing of costs is governed by 28 U.S.C. § 1920, which states that a "judge or clerk of any court of the United States may tax as costs the following:"

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54 provides that, after the clerk issues its memorandum regarding the taxation of costs, "[o]n motion served within the next 7 days, the court may review the clerk's action." Fed. R. Civ. P. 54(d)(1). Per the local rules, a "party may obtain review of the clerk's taxation of costs by filing a motion to re-tax under Fed. R. Civ. P. 54(d), accompanied by points and authorities." LR 54-12.

**James C. Mahan**
**U.S. District Judge**

- 2 -

"Rule 54(d) creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). "Notwithstanding the district court's discretionary authority . . . to refuse to tax costs in favor of a prevailing party, a district court may not rely on its 'equity power' to tax costs beyond those expressly authorized by section 1920." *Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).

*B. Attorneys' Fees*

Under the "American rule," litigants must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorneys' fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline Serv. Co.*, 421 U.S. at 259 n.31.

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees). Federal Rule of Civil Procedure 54(d) governs requests for attorney's fees and nontaxable costs.

Under Rule 54(d), a prevailing party seeking attorneys' fees must meet the following four requirements: (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms

**James C. Mahan**
**U.S. District Judge**

of any agreement about fees for the services for which the claim is made. Fed. R. Civ. P. 54(d)(2).

The party moving for attorneys' fees must also meet the requirements set forth in Local Rule 54-14, which states in part:

> (b) Content of Motions. Unless the court orders otherwise, a motion for attorney's fees must include the following in addition to those matters required by Fed. R. Civ. P. 54(d)(2)(B):
>
> (1) A reasonable itemization and description of the work performed;
>
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable under LR 54-1 through 54-13;
>
> (3) A brief summary of:
>
>> (A) The results obtained and the amount involved;
>>
>> (B) The time and labor required;
>>
>> (C) The novelty and difficulty of the questions involved;
>>
>> (D) The skill requisite to perform the legal service properly;
>>
>> (E) The preclusion of other employment by the attorney due to acceptance of the case;
>>
>> (F) The customary fee;
>>
>> (G) Whether the fee is fixed or contingent;
>>
>> (H) The time limitations imposed by the client or the circumstances;
>>
>> (I) The experience, reputation, and ability of the attorney(s);
>>
>> (J) The undesirability of the case, if any;
>>
>> (K) The nature and length of the professional relationship with the client;
>>
>> (L) Awards in similar cases; and
>>
>> (M) Any other information the court may request.

LR 54-14(b).

Further, a motion for attorneys' fees and costs must be accompanied by an affidavit from the attorney responsible for the billings in the case to authenticate the information contained in the motion, and to prove that the fees and costs sought are reasonable. LR 54-16(c). A failure to provide the documentation required by LR 54-16(b) and (c) in a motion for attorneys' fees "constitutes a consent to the denial of the motion." LR 54-16(d).

### III. Discussion

#### A. Re-taxation of Costs

Plaintiff requests that this court review the clerk's memorandum regarding the taxation of costs dated June 18, 2020, (ECF No. 89), and to reduce the following costs:

- Defendant's "[f]ees for service of summons and subpoena," in the sum of $1,017.50, which pertain to six separate service fees related to two subpoenas; and
- Defendant's "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," in the sum of $7,871.30, which pertain to a single deposition conducted by Drage.

(ECF No. 93).

This court denies plaintiff's first request as to "[f]ees for service of summons and subpoena." (*Id.*). Both the local rules and caselaw dictate that "[a]n authorized process server's fees are ordinarily taxable." LR 54-2; *see also Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("[P]rivate process servers' fees are properly taxed as costs."). This court finds no reason to depart from this rule. Defendant explains that she had "reason to believe that Ms. Knowles and her firm had also been retained by Gunn to perform private investigative services as part of her effort to prove her allegations of conspiracy in this action." (ECF No. 98). The record supports defendant's position on these costs. The subpoenas were therefore appropriate discovery here.

As to the $7,871.30 in costs sought for "printed or electronically recorded transcripts . . . obtained for use in the case," plaintiff argues that this amount is unusually high without sufficient reason. (ECF No. 93). Plaintiff argues that "$7,871.30 is unreasonable for a single

**James C. Mahan**
**U.S. District Judge**

deposition, and on that basis the amount should be stricken as being sought in bad-faith, or reduced to a reasonable amount." (*Id.*).

This court grants plaintiff's request to reduce this cost. Defendant's invoice states an amount of $7,871.30—$1,567.50 is for videotaping the deposition, but the remaining $6,303.80 is simply labeled as "original transcript of: Jean Weil." (ECF No. 67). This description does not explain the unusually high fee and renders the amount effectively not itemized. Although "[d]eposition costs are taxable if they are reasonably necessary for trial," this court exercises its discretion to strike the non-itemized amount. *Evanow v. M/V Neptune*, 163 F.3d 1108, 1118 (9th Cir. 1998). Plaintiff has presented sufficient evidence regarding the usual costs for similar depositions and the instant situation, which defendant has failed to persuasively rebut or explain. (ECF Nos. 93, 98).

This court finds the full amount of $7,871.30 unreasonable, and thus reduces this cost to $1,567.50 taxable to plaintiff. (ECF No. 93).

### B.  Motions for Attorney Fees and Costs

Defendant now moves for an award of $290,560.48 in attorney fees and other costs. (ECF Nos. 59, 69).[1] In addition, defendant was permitted to supplement her request with attorney fees from the post-judgment motions practice in the amount of $77,206.50. (ECF No. 99).

#### 1.  Merits of fees

The parties do not dispute that fees are appropriate here. Under California law, an award of attorney's fees is required upon a successful anti-SLAPP motion. Cal. Civ. Proc. Code § 425.16(c)(1) ("a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs"); *see also Khai v. County of Los Angeles*, 730 Fed. Appx. 408 (9th Cir. 2018). This court granted defendant's anti-SLAPP motion pursuant to California law. (ECF No. 57).

---

[1] Defendant's motions for attorney fees are duplicative. (ECF Nos. 59, 69). The relevant briefs are duplicative as well. (ECF Nos. 64, 68, 78, 81). This court examines these two motions as one.

James C. Mahan
U.S. District Judge

- 6 -

Accordingly, defendant is entitled to fees incurred in connection with the anti-SLAPP motion. *See Century Surety Company v. Prince*, 782 Fed. Appx. 553, 558 (9th Cir. 2019). However, "a fee award under the anti-SLAPP statute may not include matters unrelated to the anti-SLAPP motion, such as . . . summary judgment research," because such matters are not "incurred in connection with the anti-SLAPP motion." *569 E. Cty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 433 (2016), *as modified on denial of reh'g* (Dec. 29, 2016).

*2. Amount of fees*

This court examines the instant fee request pursuant to the lodestar method. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1124 (2001). First, the court must determine a "reasonable fee" by multiplying 1) the number of hours reasonably expended in the litigation by 2) a reasonable hourly rate. *PLCM Group v. Drexler* 22 Cal. 4th 1084, 1095 (2000). Then, the court must find whether the lodestar amount should be increased or reduced upon consideration of 1) the time and labor required; 2) the novelty and difficulty of the questions involved; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by theclient or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorneys; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 466 F.2d 1267 (9th Cir. 1972).

The parties have appropriately briefed these issues and presented the itemizations necessary for this court to proceed. (ECF Nos. 59, 69, 99).

This court finds that the hourly rates presented by defendant and her counsel are reasonable and appropriate. (*Id.*). Counsel for defendant Robert Heller charges $675 per hour; counsel Todd Lander charges $615 per hour; counsel Maureen Baker charges $525 per hour; counsel Brenda LeMay charges $525 per hour; and paralegal Jeffrey Edwards charges $265 per hour. (ECF Nos. 69, 99). Plaintiff argues that the rate is too high for the local Las Vegas market, but this court has approved comparable rates in the past. *See, e.g., In re USA*

James C. Mahan
U.S. District Judge

1  *Commercial Mortg. Co. v. USA SPE, LLC*, Case Nos. 2:07-cv-00892-RCJ-GWF, 2013 WL
2  3944184, *20 (D. Nev. 2013).  Furthermore, this case began in California state court and dealt
3  with California law—it is no surprise that defendant hired and retained counsel from California.
4  (ECF No. 69).  Defendant's counsels' years of experience and complexity of the instant case
5  support the rates charged here.  (*Id.*).  This court finds no reason to depart from the requested
6  amounts.

7  This court also finds that the hours expended are reasonable in light of the complexity of
8  this case, work performed, and outcomes achieved.  *See Graham-Sult v. Clainos*, 756 F.3d 724,
9  751 (9th Cir. 2014).  Defendant has persuaded this court that the amount in controversy and
10 plethora of issues presented by this case support the hours worked by counsel.  (ECF No. 69).
11 For example, it is reasonable in this case for counsels to have "review[ed] the dockets, and
12 analyze and summarize about 7,000+ pages of pleadings, for at least eight actions spanning
13 across Nevada, Switzerland and Germany, in order to succinctly set forth the prior procedural
14 history of legal actions between Gunn and Dr. Wild (and Casun); these disputes, lawsuits and
15 pleadings were numerous, protracted, complex and frequently in a foreign language."  (*Id.*).

16 Accordingly, this court accepts the plaintiff's lodestar calculation of $171,524.50 for fees
17 in connection with the anti-SLAPP motion and $31,473.00 for the instant motions for fees.

18 Now, this court examines defendant's request to increase the fee reward related to the
19 anti-SLAPP motion through a multiplier of 1.5.  (ECF No. 69).  A high or even excessive
20 loadstar calculation of attorney fees is not a factor that may be considered by the trial court in
21 determining whether to award a multiplier.  *Lunada Biomedical v. Nunez*, 230 Cal. App. 4th 459,
22 488 (2014).  Although Nevada courts have reserved fee multipliers for "exceptional" cases,
23 California courts have not determined such a requirement in this context.  Regardless, defendant
24 argues that the instant case is indeed exceptional—"Gunn has provided no evidence to suggest
25 her lawsuit is anything other than pure retaliation based on Drage's personal relationship with
26 Gunn's former boyfriend."  (ECF No. 81).

27 This court finds that the requested multiplier is appropriate for work expended on the
28 anti-SLAPP motion.  This determination discourages repeat offenses and considers the following

**James C. Mahan**
**U.S. District Judge**

factors which defendant has appropriately addressed. *See Kerr v. Screen Extras Guild, Inc.*, 466 F.2d 1267 (9th Cir. 1972).

As to the "results obtained and the amount involved," defendant has prevailed in this matter, obtaining "the early termination of a lawsuit demanding compensatory damages of $150 million as well as an unknown amount of punitive damages." (ECF No. 69); *id.* The "time and labor required" also militate in defendant's favor as already examined when calculating the lodestar amount. *Id.* Defendant sufficiently explains the novelty and difficulty of questions raised in this case, "including without limitation whether Nevada or California law should be applied, the similarities and differences of those states' laws on both Prong One and Prong Two, and the various grounds upon which Prong One could be triggered." *Id.* The same goes for the "skill requisite to perform the legal service properly." *Id.* Defendant's counsels represent that they "defer[ed] work on other matters while preparing the anti-SLAPP and "fees on fees" motions." *Id.* As this court has already examined, the customary fees in this matter reflect the complexity of the issues and experience of the attorneys. *Id.* The fee was fixed and agreed by defendant. *Id.* Furthermore, the parties worked within the time limitations set by the California and Nevada anti-SLAPP statutes. *Id.* The attorneys in this matter are of an appropriate "experience, reputation, and ability" to reflect the fee award, and based on the merits and history of this dispute, the case is relatively undesirable. *Id.* Defendant and her counsel have worked together on multiple matters. *Id.* Finally, other similar cases have awarded similar fee amounts. *Id.*

Thus, this court applies a 1.5 times multiplier to the $171,524.50 incurred by defendant on the anti-SLAPP motion—thus, for a total of $257,286.75. (ECF No. 69). This court declines to apply the fee multiplier to any other fees awarded here, such as the fees related to the instant motions for attorney fees. Additionally, this court grants defendant's request for fees related to responsive briefing on these motions. (ECF No. 81).

As to defendant's supplemental request for fees related to the post-judgment motions, this court grants those fees as well, but without a multiplier. (ECF No. 99). Defendant seeks $77,206.50 in fees in connection with 144.3 hours billed. (*Id.*). The mandatory fee statute, CCP

James C. Mahan
U.S. District Judge

- 9 -

§ 425.16(c)(1), is "broadly construed" to reimburse the prevailing defendant "for expenses incurred in extricating herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 446 (2002). The mandatory award extends to any legal services "directly related" to the anti-SLAPP motion. *Jackson v. Yarbray*, 179 Cal. App. 4th 75, 92 (2009). The post-judgment motions attempted to unwind this court's decision on anti-SLAPP motion and was thus directly related. (ECF Nos. 73, 83, 86, 99). This court found plaintiff's motions unpersuasive. (ECF No. 103). As examined earlier, the hourly rates requested by defendant's counsel is reasonable here. (ECF No. 99). This court finds that the hours expended on these issues were reasonable as well. (*Id.*). Plaintiff's motions practice presented a unique and complex situation for defendant to understand and respond appropriately. Upon review of the record, this court finds that the work was not duplicative nor excessive. (ECF Nos. 73, 83, 86, 99). Accordingly, defendant's supplemental request is granted. (ECF No. 99).

Finally, this court declines to grant defendant's request for costs that are not otherwise taxable. (ECF No. 69). Defendant presents no persuasive justification for such an award. This court finds no need to award a further amount.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Lezlie Gunn's motion for re-taxation of costs (ECF No. 93), and the same hereby is, GRANTED in part and DENIED in part.

Defendant's "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," in the sum of $7,871.30, is reduced to the amount of $1,567.50 taxable to plaintiff.

IT IS FURTHER ORDERED that defendant Christine Drage's first motion for attorney fees and non-taxable costs, (ECF No. 59), be, and the same hereby is, GRANTED in part and DENIED in part.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that defendant's renewed motion for attorney fees and non-taxable costs, (ECF No. 69), be, and the same hereby is, GRANTED in part and DENIED in part.

Defendant's request for fee award is granted, except for her request for non-taxable costs, in accordance with the foregoing.

IT IS FURTHER ORDERED that defendant shall prepare and file a proposed amended judgment consistent with the foregoing within ten (10) days of this order.

DATED March 5, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**