UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEZLIE J. GUNN, | Case No. 2:19-CV-2102 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CHRISTINE E. DRAGE, | |
| Defendant(s). | |

This matter was remanded from an appeal to the Ninth Circuit. (ECF No. 127). Defendant Christine Drage filed a supplemental brief to address the Ninth Circuit's mandate (ECF No. 135), to which plaintiff Lezlie Gunn replied. (ECF No. 136).

**I.    Background**

Plaintiff's complaint charged defendant with intentional interference with contract and civil conspiracy. (ECF No. 1). After dismissal of plaintiff's claims, defendant moved for her attorney's fees and costs. (ECF Nos. 59; 69). The court awarded defendant $387,653.75 in attorneys' fees and costs under California Code of Civil Procedure § 425.16(c). (ECF No. 109). Plaintiff appealed the court's order and amended judgment on the award of attorney's fees. (ECF Nos. 110; 116).

The Ninth Circuit affirmed in part and reversed and remanded in part for further proceedings. (ECF No. 123). Specifically, the Ninth Circuit found that this court's "analysis of the reasonableness of the number of hours expended by counsel was lacking." (*Id*. at 3). Moreover, the Ninth Circuit found that this court "failed to explain why it applied a 1.5 multiplier to the lodestar amount." (*Id*. at 4). The court now reconsiders both aspects of its fee calculation.

**James C. Mahan**
**U.S. District Judge**

## II. Discussion

"All motions may be considered and decided with or without a hearing." LR 78-1. The court has sufficient information to decide the instant matter based on the filings and thus denies any request for oral argument. *See id*.

### A. Reasonableness of hours expended

The court first considers plaintiff's dispute regarding defendant's alleged overstaffing, block-billing, and excessive meetings. (ECF No. 123 at 4). The court finds that the hours billed in this matter were, in part, unreasonable. (ECF Nos. 60; 70).

A fee applicant must justify its claim by submitting detailed time records. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The opposing party is required to "set forth the specific charges that are disputed and state with reasonable particularity the basis for opposition." LR 54-14(d). A district court has considerable deference to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 434).

As an initial matter, the court will not reduce the 21 hours billed for reviewing 7,000 pages of documents. Here, it was reasonable to review almost 300 pages per hour. *See Allen v. Comm'r of Soc. Sec.*, No. 2:20-cv-01886-DMC, 2024 WL 382533, at *2 (E.D. Cal. Feb. 1, 2024); *see also Hamlin v. Kijakazi*, No. 6:22-cv-38-SI, 2023 WL 6930865, at *2 (D. Or. Oct. 19, 2023).

However, the court finds the following hours billed to be unreasonable. First, the 89 hours billed for conferencing were unreasonable and excessive in relation to the anti-SLAPP motion. *See Cruz v. Starbucks Corp.*, No. C-10-01868 JCS, 2013 WL 2447862 (N.D. Cal. June 5, 2013); *see also Cruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1193 (C.D. Cal. 2009). The court finds it necessary to cut these hours by 20%.

Moreover, the time spent drafting the anti-SLAPP motion itself was unreasonable. While the motion presented complex legal issues, it should not take nearly 200 hours to draft the motion, reply in support of the motion, and prepare for the hearing. These hours will be cut by 20%.

Further, plaintiff contends that defendant's block-billing practice was improper and should result in 64 hours being cut. (ECF No. 136 at 9). Her first opposition to defendant's motion identifies

18 examples of block-billed entries. The court finds that plaintiff has properly set out the disputed charges. Therefore, any of the 18 entries not already reduced, shall be cut by 20%.

The court also finds that the time spent on the fee motion was unreasonable. A fee motion should not take nearly 49 hours to draft. Therefore, the court will reduce these hours by half. *See Banerjee v. Cont'l Inc., Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 WL 4469006 at *5 (D. Nev. Sept. 17, 2018).

### B. The 1.5 multiplier

Plaintiff also argues that defendant's request for a 50% multiplier should be denied. (ECF No. 136 at 10). The court may adjust a lodestar figure after considering "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Grp. v. Drexler*, 997 P.2d 511, 519 (Cal. 2000). After considering the factors set forth in *Drexler*, the court finds that the 1.5 multiplier was inappropriate given the experience of defendant's counsel and the amount of attorney's fees already billed for this matter.

A multiplier is warranted only in "rare and exceptional circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546-52 (2010). Here, defendant has failed to meet her burden of proving that a multiplier is warranted, especially given the fact that there is "strong presumption that the lodestar is sufficient." *Id*.

**III.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's request for attorney's fees is granted in accordance with the foregoing. The hours billed for conferencing, drafting the anti-SLAPP motion, reply, and preparing for the hearing on the motion, along with the 18 block-billed time entries not already reduced shall be cut by 20%; the lodestar multiplier is to be removed; and the time billed for the fee's motion is to be cut in half.

IT IS FURTHER ORDERED that defendant shall prepare and file a proposed amended judgment consistent with the foregoing, within fourteen (14) days of this order. All other aspects of this court's prior order (ECF No. 109) shall remain the same.

James C. Mahan
U.S. District Judge

- 3 -

Presently before the court is defendant Christine Drage ("defendant")'s motion for an extension of time to submit a reply brief in support of her supplemental brief after the Ninth Circuit's ruling on the award of attorneys' fees. (ECF No. 137). Plaintiff Lezlie Gunn ("plaintiff") filed a response to the motion. (ECF No. 140).[1]

## I. Background

On April 21, 2023, the Ninth Circuit issued a decision setting aside the court's prior order awarding attorneys' fees and remanded the matter to the court for further action. (ECF No. 127). Specifically, the Ninth Circuit identified two items for remand: (1) the court's resolution of plaintiff's concerns that "included overstaffing, block-billing, and an excessive number of meetings" and (2) why the court applied a certain multiplier when calculating the fee total. (*Id.* at 3-4).

The court subsequently ordered the parties to file a joint status report. (ECF No. 128). On July 31, 2023, the parties submitted a joint status report that included specific deadlines for defendant to file her supplemental brief, plaintiff to file her response, and defendant to file any reply. (ECF No. 129 at 2).

Plaintiff agreed to defendant's request seeking a one-week extension to file her supplemental brief, resulting in the parties filing a joint stipulation, which the court subsequently approved. (ECF No. 133). The briefing scheduled was amended, granting defendant until November 3, 2023, to file her reply. (*Id.* at 3). Plaintiff timely filed her response on October 20, 2023. (ECF No. 136). An email notification was sent out that same afternoon, and listed counsel for defendant as a recipient. (ECF No. 140 at 25-26).

---

[1] Given that defendant moved the court on November 14, 2023, for an extension granting her until November 21, 2023, to file her reply, the court issued a minute order on November 15, 2023, instructing plaintiff to file a response or indicate that there was no opposition to defendant's motion no later than November 16, 2023. (ECF No. 138). The court informed the parties that upon receipt of plaintiff's response, it would rule on defendant's motion. (*Id.*).

James C. Mahan
U.S. District Judge

- 4 -

Defendant has yet to file a reply, and she now moves the court for an extension granting her until November 21, 2023, to do so. (ECF No. 137 at 2).

## II. Legal Standard

Federal Rule of Civil Procedure 6(b)(1) permits courts, upon a showing of good cause, to grant a request for an extension of time. *See* Fed. R. Civ. P. (6)(b)(1). Good cause is "a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig., Learjet, Inc.*, 715 F.3d 716, 737 (9th Cir. 2013); *see Pincay v. Andrews*, 389 F.3d 853, 861 (9th Cir. 2004) ("[t]he good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence.").

## III. Discussion

Defendant posits that there is good cause present because her counsel's conduct amounts to excusable neglect.

Federal Rule of Civil Procedure 6(b)(1)(B) elucidates that a showing of "excusable neglect" may be sufficient for courts to grant a request for an extension of time. Fed. R. Civ. P. 6(b)(1)(B). The Supreme Court has held that excusable neglect "encompasses situations in which the failure to comply with a filing deadline is attributable to negligence" and includes "omissions caused by carelessness*." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993).

The *Brunswick* court proposed a four-pronged test courts are to employ when determining whether there is excusable neglect. In evaluating when neglect is excusable, courts are to examine "all relevant circumstances supporting the party's omission," and in particular

should focus on: (1) the prejudice to the opposing party; (2) the length of delay and potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395.

### A. Prejudice to the opposing party

Plaintiff concedes that she would not suffer any prejudice by granting the relief sought by defendant. (ECF No. 140 at 7). However, she avers that the other factors weigh strongly in her favor and are sufficient to show that defendant's conduct does not amount to excusable neglect. The court agrees.

### B. Length of delay

The length of delay is inexcusable. Todd Lander ("Mr. Lander"), co-counsel for defendant, admits in his motion that he "somehow missed or overlooked receipt of the ECF notification on October 20, 2023, indicating the filing of [plaintiff's] response." (ECF No. 137 at 3). Defendant waited until November 14, 2023, to file the instant motion. The length of delay is at best eleven days, and twenty-four days have elapsed between the filing of plaintiff's response and defendant's motion for an extension of time. This is a lengthy delay that weighs in favor of plaintiff when evaluating excusable neglect.

### C. Reason for delay

Furthermore, defendant's reasoning for the delay is confounding. Mr. Lander states that he "did not believe [plaintiff] had filed an opposition" and therefore did not calendar or prepare a reply brief. (*Id.* at 7). The court agrees with plaintiff's argument that it would be an "exceedingly odd" decision for plaintiff to forgo filing an opposition after successfully having brought the matter back before the court following appeal. (*See* ECF No. 140 at 5).

James C. Mahan
U.S. District Judge
James C. Mahan
U.S. District Judge

<mark>- 6 -</mark>

Eleven individuals were served with plaintiff's opposition (ECF No. 140 at 25-26), one of whom was Mr. Lander. Additionally, Mitchell Langberg ("Mr. Langberg"), co-counsel for defendant, was served with plaintiff's opposition. The fact that defendant is represented by multiple attorneys and still failed to adequately monitor the docket is difficult to comprehend. Thus, the reason for the delay weighs in favor of plaintiff when evaluating excusable neglect. There is no doubt that it was within the reasonable control of defendant to prevent the delay from occurring.

Finally, the court takes no position regarding which party has the proverbial "upper hand" regarding the fourth factor, which is whether the movant acted in good faith. On November 15, 2023, Mr. Langberg submitted a declaration wherein he admits his oversight and notes a personal, familial issue played a factor in his failure to adhere to the calendar. (ECF No. 139 at 2). The court appreciates Mr. Langberg's candor and acceptance of responsibility. However, Mr. Langberg is not the only attorney for defendant. Defendant's argument that she did not believe plaintiff filed an opposition, as explained, *supra*, does not appear to be credible.

Based on the relevant circumstances, the court finds that the conduct of defendant does not amount to excusable neglect, and granting her motion for an extension of time would be both improper and contravene the principles of fairness and equity. There is insufficient good cause to grant defendant's request for an extension of time. The court has the briefings it needs to rule on the underlying issue remaining in this case.

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 7 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Christine Drage's motion for an extension of time to submit a reply brief in support of her supplemental brief (ECF No. 137) be, and the same hereby is, DENIED.

DATED February 10, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**