UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEZLIE J. GUNN,<br><br>  Plaintiff(s),<br><br>  v.<br><br>CHRISTINE E. DRAGE,<br><br>  Defendant(s). | Case No. 2:19-CV-2102 JCM (EJY)<br><br>ORDER |

This matter was remanded from an appeal to the Ninth Circuit. (ECF No. 127). Defendant Christine Drage filed a supplemental brief to address the Ninth Circuit's mandate (ECF No. 135), to which plaintiff Lezlie Gunn replied. (ECF No. 136).

**I.    Background**

Plaintiff's complaint charged defendant with intentional interference with contract and civil conspiracy. (ECF No. 1). After dismissal of plaintiff's claims, defendant moved for her attorney's fees and costs. (ECF Nos. 59; 69). The court awarded defendant $387,653.75 in attorneys' fees and costs under California Code of Civil Procedure § 425.16(c). (ECF No. 109). Plaintiff appealed the court's order and amended judgment on the award of attorney's fees. (ECF Nos. 110; 116).

The Ninth Circuit affirmed in part and reversed and remanded in part for further proceedings. (ECF No. 123). Specifically, the Ninth Circuit found that this court's "analysis of the reasonableness of the number of hours expended by counsel was lacking." (*Id*. at 3). Moreover, the Ninth Circuit found that this court "failed to explain why it applied a 1.5 multiplier to the lodestar amount." (*Id*. at 4). The court now reconsiders both aspects of its fee calculation.

**James C. Mahan**
**U.S. District Judge**

**II.     Discussion**

"All motions may be considered and decided with or without a hearing." LR 78-1. The court has sufficient information to decide the instant matter based on the filings and thus denies any request for oral argument. *See id*.

A.   Reasonableness of hours expended

The court first considers plaintiff's dispute regarding defendant's alleged overstaffing, block-billing, and excessive meetings. (ECF No. 123 at 4). The court finds that the hours billed in this matter were, in part, unreasonable. (ECF Nos. 60; 70). A fee applicant must justify its claim by submitting detailed time records. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The opposing party is required to "set forth the specific charges that are disputed and state with reasonable particularity the basis for opposition." LR 54-14(d). A district court has considerable deference to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Tahara v. Matson Terminals, Inc.*, 511 F.3d 950, 955 (9th Cir. 2007) (citing *Hensley*, 461 U.S. at 434).

As an initial matter, the court will not reduce the 21 hours billed for reviewing 7,000 pages of documents. Here, it was reasonable to review almost 300 pages per hour. *See Allen v. Comm'r of Soc. Sec.*, No. 2:20-cv-01886-DMC, 2024 WL 382533, at *2 (E.D. Cal. Feb. 1, 2024); *see also Hamlin v. Kijakazi*, No. 6:22-cv-38-SI, 2023 WL 6930865, at *2 (D. Or. Oct. 19, 2023). However, the court finds the following hours billed to be unreasonable. First, the 89 hours billed for conferencing were unreasonable and excessive in relation to the anti-SLAPP motion. *See Cruz v. Starbucks Corp.*, No. C-10-01868 JCS, 2013 WL 2447862 (N.D. Cal. June 5, 2013); *see also Cruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1193 (C.D. Cal. 2009). The court finds it necessary to cut these hours by 20%.

Moreover, the time spent drafting the anti-SLAPP motion itself was unreasonable. While the motion presented complex legal issues, it should not take nearly 200 hours to draft the motion, reply in support of the motion, and prepare for the hearing. These hours will be cut by 20%.

James C. Mahan
U.S. District Judge

Further, plaintiff contends that defendant's block-billing practice was improper and should result in 64 hours being cut. (ECF No. 136 at 9). Her first opposition to defendant's motion identifies 18 examples of block-billed entries. The court finds that plaintiff has properly set out the disputed charges. Therefore, any of the 18 entries not already reduced, shall be cut by 20%.

The court also finds that the time spent on the fee motion was unreasonable. A fee motion should not take nearly 49 hours to draft. Therefore, the court will reduce these hours by half. *See Banerjee v. Cont'l Inc., Inc.*, No. 2:17-cv-00466-APG-GWF, 2018 WL 4469006 at *5 (D. Nev. Sept. 17, 2018).

B.  The 1.5 multiplier

Plaintiff also argues that defendant's request for a 50% multiplier should be denied. (ECF No. 136 at 10). The court may adjust a lodestar figure after considering "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." *PLCM Grp. v. Drexler*, 997 P.2d 511, 519 (Cal. 2000). After considering the factors set forth in *Drexler*, the court finds that the 1.5 multiplier was inappropriate given the experience of defendant's counsel and the amount of attorney's fees already billed for this matter.

A multiplier is warranted only in "rare and exceptional circumstances." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546-52 (2010). Here, defendant has failed to meet her burden of proving that a multiplier is warranted, especially given the fact that there is "strong presumption that the lodestar is sufficient." *Id*.

**III.  Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's request for attorney's fees is granted in accordance with the foregoing. The hours billed for conferencing, drafting the anti-SLAPP motion, reply, and preparing for the hearing on the motion, along with the 18 block-billed time entries not already reduced shall be cut by 20%; the lodestar multiplier is to be removed; and the time billed for the fee's motion is to be cut in half.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that defendant shall prepare and file a proposed amended judgment consistent with the foregoing, within fourteen (14) days of this order. All other aspects of this court's prior order (ECF No. 109) shall remain the same.

DATED February 12, 2025.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**